USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___11/15/2021___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTOINETTE MALLOY and KEITH MALLOY,

                         Plaintiffs,

        -against-

WILLIAM JONES,

                         Defendant.

No. 17-cv-06998 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

On September 14, 2017, Plaintiffs Antoinette Malloy and Keith Malloy commenced this diversity action against Defendant William Jones to recover damages for personal injuries sustained during a motor vehicle accident. (Compl. at 1–2, ECF No. 1.) Presently before the Court is Plaintiffs' motion under Federal Rule of Civil Procedure 25 to substitute Defendant's widow as his successor representative in this action. ("Motion", ECF No. 13.)  Plaintiffs' proposed successor representative of Defendant's estate, Mrs. Robin Jones, opposes Plaintiffs' motion and seeks dismissal of the action. ("Response in Opposition", ECF No. 10.) For the following reasons, Plaintiffs' motion is DENIED, and the instant action is DISMISSED.

## BACKGROUND

On August 8, 2016, Plaintiffs were traveling westbound on the upper level of the George Washington Bridge in Fort Lee, New Jersey, when Defendant allegedly collided into the rear of their vehicle and injured them. (Compl. ¶¶ 1–10.) Plaintiffs claim that, as a result of Defendant's negligence, they sustained serious injuries and economic losses for which they now seek to recover the amount of two million dollars in damages.  (Id. ¶¶ 12–18.)

Plaintiffs filed the complaint and summons on September 14, 2017. From September through October, Plaintiffs' process server, Paul Colaluca, unsuccessfully attempted to serve the

complaint and summons on Defendant a total of six times at his home. (Mot., Ex. 2 at 1, ECF No 13-17.)  In his attempt on October 7, 2017, Colaluca noted that the "female current occupant" (seemingly Mrs. Jones) informed him that Defendant had passed away "a few months ago." (*Id.*) On November 13, 2017, Colaluca successfully served the complaint and summons by substituted service on Mrs. Jones. (*Id.* at 2.) No affidavit of service was ever filed with the Court.[1]

On November 30, 2017, Plaintiffs' counsel received a phone call from a claims examiner with GEICO Insurance Company, who advised him that GEICO insured Defendant and that Defendant had committed suicide "the day after the subject collision." (Mot. at 2, ECF No. 13-15.) Plaintiffs' counsel asked for a copy of Defendant's death certificate, but the claims examiner stated that GEICO had not yet obtained a copy of the document. (*Id.*)

On February 1, 2018, Plaintiffs' counsel spoke again with the GEICO claims examiner, who claimed that securing the death certificate remained a work in progress. (*Id.* at 2–3.) On March 14, 2019, Plaintiffs' counsel spoke with a second GEICO claims examiner, who advised him that GEICO still did not possess the death certificate and that Mrs. Jones was uncooperative. (*Id.*) For the rest of 2019, Plaintiffs' counsel continued to search for Defendant's death certificate in several agency databases, including those of the New York State Department of Health, the Walkill Town Clerk, and the New Jersey Department of Health, among others. (*Id.*)

After his unsuccessful attempts at obtaining Defendant's death certificate, Plaintiffs' counsel served a nonparty subpoena upon Robin Jones on November 30, 2020, compelling her to produce her late husband's death certificate. (*Id.*) The next day, on December 1, 2020, Mrs. Jones texted Plaintiffs' counsel a photograph of Defendant's death certificate. (*Id.*) On January 27, 2021, Plaintiffs' counsel wrote to the Court to suggest the death of Defendant after learning that he took

---

[1] Notably, Plaintiffs made no filings from September 14, 2017 through January 27, 2021.

his own life with a self-inflicted wound within an hour of the collision[2] and to seek leave to file a

motion under Federal Rule of Civil Procedure 25. (*Id.*)

On January 29, 2021, the Court granted Plaintiffs leave to file their Rule 25 motion and

ordered a briefing schedule on February 9, 2021. (ECF Nos. 6, 7.) On June 24, 2021, Plaintiffs

filed the instant motion now before the Court.

## LEGAL STANDARD

Federal Rule of Civil Procedure 25(a)(1) provides, in pertinent part, that:

> If a party dies and the claim is not extinguished, the court may order substitution of
> the proper party. A motion for substitution may be made by any party or by the
> decedent's successor or representative. If the motion is not made within 90 days
> after service of a statement noting the death, the action by or against the decedent
> must be dismissed.

Rule 25 establishes a ninety-day period for any party to make a motion to substitute a party for the

decedent. *See Kaplan v. Lehrer*, 173 F. App'x 934, 935 (2d Cir. 2006). The ninety-day period can

be extended where there is "an inability or a significant difficulty in identifying the decedent's

legal representative or successor. *See Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 470 (2d Cir.

1998).

## DISCUSSION

Plaintiffs move to substitute Mrs. Robin Jones as the successor representative of Defendant

under Rule 25(a)(1). (Mot. at 4.) Mrs. Jones opposes the relief requested and moves to dismiss

Plaintiffs' complaint for failure to comply with Rule 4(m)'s 120-day time limit to serve the

summons and complaint. (Resp. in Opp at 2–6.) She contends that "service has never been effected

---

[2] Significantly, almost four years after Colaluca noted that the "female current occupant" had
informed him that Defendant had passed away months before service was executed, Plaintiffs represented
in this correspondence with the Court that Defendant's death was "[u]nbeknownst to [them] until very
*recently*." (ECF No. 5 (emphasis added).) Plaintiffs, however, fail to explain why they failed to act on
Colaluca's notation in his affidavit of non-service dated November 10, 2017. (Mot., Ex. 2 at 1.)

and no affidavit of service has been filed despite the fact that the summons was filed on September

14, 2017." (*Id.* at 6–8.) After due consideration, the Court agrees with Mrs. Jones that the motion

must be denied and the lawsuit dismissed, although not for the reasons she asserts.

To begin, Rule 25 is inapplicable to the facts of this case. The plain meaning of Rule 25

"presupposes that substitution is for someone who was a party to a pending action"; thus,

"[s]ubstitution is not possible if one who was named as a party in fact died before the

commencement of the action." *Jackson v. Nassau Cty.*, --- F. Supp. 3d ---, No. 18-CV-

3007(JS)(AKT), 2021 WL 3207168, at *9 (E.D.N.Y. July 28, 2021) (quoting 7C Charles Alan

Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1951 (3d ed., Apr. 2021 update)).

Several courts, including within this Circuit, have endorsed this interpretation. *See Automated Info.*

*Processing, Inc. v. Genesys Sols. Grp., Inc.*, 164 F.R.D. 1, 3 (E.D.N.Y.

1995); *Mizukami v. Buras*, 419 F.2d 1319, 1320 (5th Cir. 1969); *Flick v. Vadlamudi*, No. 09-CV-

0647, 2010 WL 3061096, at *1 (W.D. Mich. July 16, 2010), *report and recommendation adopted*,

No. 09-CV-0647, 2010 WL 3061021 (W.D. Mich. Aug. 3, 2010).

The record here shows that Defendant died on August 8, 2016, within an hour after the

alleged collision and over a year *before* Plaintiffs brought the instant diversity action. Under

Federal Rule of Civil Procedure 17(b)(1), the capacity of an individual to be sued is determined

by the law of his domicile, in this case New York, which does not permit parties to commence a

legal action or proceeding against a dead person. *Jordan v. City of New York*, 807 N.Y.S.2d 595,

597 (2d Dep't 2005).

Therefore, this diversity action must be dismissed because Defendant's passing prior to

Plaintiffs' commencement of the action requires that the Court treat the matter "as a nullity and it

cannot be given life by substituting parties and amending the complaint. . . . The action being void

at its inception, there [are] no claims capable of amendment." *Banakus v. United Aircraft Corp.*, 290 F. Supp. 259, 260 (S.D.N.Y. 1968); *see also Wilmington Sav. Fund Soc'y FSB v. Deliberto*, 126 N.Y.S.3d 273, 276 (4th Dep't 2020) ("Since a party may not commence a legal action or proceeding against a dead person, the action against decedent and Agnes was a nullity from its inception." (alterations and citations omitted)); *Vello v. Liga Chilean de Futbol*, 50 N.Y.S.3d 73, 74 (1st Dep't 2017) ("[A]ny action commenced against Tagle after his death would be a 'nullity' since 'the dead cannot be sued.'").

Moreover, even if Plaintiffs were to commence a new action against decedent Defendant's successor representative, such as the proposed representative in the instant motion—Mrs. Jones, such action would be time-barred. New York's CPLR § 214 (5) provides that a personal injury action must be commenced within three years of the accrual of the cause of action—in this case, August 8, 2016. Then, under CPLR § 210(b), Defendant's death that same day tolled the three-year limitations period for eighteen months until February 8, 2018, which in turn set the expiration date to February 8, 2021. *See* N.Y. CPLR § 210(b) ("The period of eighteen months after the death . . . of a person against whom a cause of action exists is not a part of the time within which the action must be commenced . . . .").

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' motion to substitute under Federal Rule of Civil Procedure 25 and DISMISSES the instant lawsuit with prejudice.

The Clerk of Court is directed to terminate the motion at ECF No. 13 and the instant action.

Dated:    November 15, 2021
          White Plains, New York

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE